BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUN -6 1974

IN RE AIR CRASH DISASTER AT PARIS, ) DOCKET NO. 172
FRANCE, ON MARCH 3, 1974          )

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On March 3, 1974, a DC-10 jet aircraft, manufactured by McDonnell Douglas Corporation and operated by Turkish Airlines, crashed shortly after take-off from Orly Airport in Paris, France. All passengers and crew members aboard the aircraft perished in the crash. At the present time, eleven actions arising from the crash have been filed: nine in the Central District of California and one each in the Eastern and Southern Districts of New York. 1/

Plaintiff in one of the California actions moves the Panel for an order transferring all actions to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All responding parties recognize the need for transfer of this litigation under Section 1407, but they disagree on which district is the appropriate transferee forum. Clearly, these actions involve common questions of fact and

---
\* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1/All parties in this litigation anticipate several tag-along actions. See Rule 1, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, 120 (1971), as amended 55 F.R.D. LI (1972).

we find that their transfer under Section 1407 to the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Because the crash occurred in France, some parties urge an East Coast location as the site of the transferee district for this litigation. The mere proximity of the East Coast to the situs of the crash, however, is not in and of itself a persuasive reason to support transfer of all actions to an East Coast forum. Indeed, an examination of the complaints in these actions reveals that the majority of the discovery in this litigation will focus on the design and manufacture of the aircraft. Inasmuch as the documents and witnesses relevant to these matters are located at McDonnell Douglas' production facilities in Long Beach, California, we find that the most appropriate transferee forum for this litigation is the Central District of California.

Certain plaintiffs request the Panel to clarify whether discovery proceedings should be stayed by the proposed transferor courts pending the Panel's determination under 28 U.S.C. §1407. We believe this matter is within the sole discretion of the transferor judges. We have previously noted that the mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision. <u>In re Four Seasons Securities Laws Litigation</u>, 362 F. Supp. 574, 575 n.2 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A which are already pending in that district.

y
SCHEDULE A                                              DOCKET NO. 172

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Doris Leah Kalinsky, etc. v. McDonnell Douglas Corp. | Civil Action No. 74 Civ. 441 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Flanagan, Wilcox and Neill v. McDonnell Douglas Corp. | Civil Action No. 74 Civ 1415 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edith Mary Hope, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-698-PMH |
| Flanagan, Wilcox and Neill v. McDonnell Douglas Corp. | Civil Action No. CV-74-808-PMH |
| Incid Pekerol Marto v. McDonnell Douglas Corp. | Civil Action No. CV 74-884-PH |
| June Gottlieb Safran, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-962-PH |
| Odette Durant Pauly, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-1034-HP |
| Kamran Cagatay, etc. v. McDonnell Douglas Corp. | Civil Action No. DV-74-1114-HP |
| Gary Sidney Ryan, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-1115-HP |
| Reginald William Gillman, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-1116-HP |
| Sylvia Conway, etc. v. McDonnell Douglas Corp. | Civil Action No. CV-74-1113-PH |

DOCKET NO. 172

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT PARIS, FRANCE, ON MARCH 3, 1974

### ORDER ASSIGNING TRANSFEREE JUDGE

At the request of Judge Peirson M. Hall, the transferee judge in this litigation, and with the consent of the transferee court, it is hereby ordered that this litigation is assigned to Judge Manuel L. Real in the Central District of California along with the previously-assigned Judge Peirson M. Hall. Each transferee judge shall have total jurisdiction over the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 in this litigation and each judge may act individually and/or jointly with respect to those proceedings.

FOR THE PANEL:

John Minor Wisdom
Chairman